# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK TURNER, | 1:11-cv-00181-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES YATES, Warden | [Doc. 13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on January 26, 2011, in the United States District Court for the Central District of California. The petition was transferred to this Court on February 1, 2011.

Petitioner challenges a June 6, 2008 disciplinary hearing on a charge of over-familiarity with staff. He specifically contends that the disciplinary infraction was misclassified as a serious violation under the California regulations, that he was denied the right to call a witness during the hearing, and that he was denied his First Amendment right to receive published materials.

Respondent filed the instant motion to dismiss the petition for failure to state a cognizable claim on March 14, 2011. Petitioner filed an opposition on April 4, 2011.

///

///

DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

II.     Failure to State Cognizable Claim

Respondent argues that this Court lacks jurisdiction to review the instant petition because "the disciplinary conviction does not affect the fact or duration of [Petitioner's] confinement." (Mot. to Dismiss, at 2.)   Respondent also argues that Petitioner's challenge based on the classification of the disciplinary charge is a matter of state law which is not cognizable for habeas corpus review.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee

Notes to Rule 1 of the Rules Governing Section 2254 Cases.

  A. <u>Impact on Duration of Sentence</u>

  As previously stated, Petitioner was charged with a disciplinary offense of over familiarity. (Ex. 1, CDC 115 Rules Violation Report.) Petitioner appeared before a hearing officer on June 6, 2008 for adjudication of the charge and he was found guilty. Petitioner was assessed a thirty-day forfeiture of credit.

  Although Petitioner lost thirty days of work time credit as a result of the disciplinary findings, there was no impact on the fact or duration of his incarceration. Petitioner is serving an indeterminate life term of twenty-seven years to life for a 1988 murder conviction. Petitioner's minimum eligible parole date was September 9, 2007. (Ex. 2, Legal Status.) The credits an inmate earns under the California Penal Code and may forfeit for misbehavior in prison are applicable only to determinate sentences. Cal. Penal Code §§ 1170, 2932, 2933(a); Cal. Code Regs. tit. 15, § 3043.3(a). If an inmate is serving both determinate and indeterminate sentences, the determinate portion is served first. Cal. Penal Code § 669. In such circumstances, credit earnings and losses will impact when the inmate's life term begins. <u>Id</u>. When serving the life term, the inmate cannot be released on parole until his minimum eligible parole date (MEPD). <u>Id</u>. at 3046; Cal. Code Regs. tit. 15, § 2000(b)(67). This date is adjusted taking into account any credit earnings and losses governed by the Penal Code. Cal. Code Regs., tit. 15, § 2400. The adjustments to the MEPD are made when the inmate becomes eligible for parole consideration, and the initial parole hearing is held on year before the MEPD. Cal. Penal Code § 3041(a). However, regardless of the inmate's MEPD, he will not be released until the parole board finds him suitable for parole. Once the inmate is found suitable for parole, his actual term of incarceration will not be determined by statutory credits, but by the parole board. <u>Id</u>.; Cal. Code Regs. tit. 15, §§ 2401(a), 2403. The board sets a base term of confinement, and has the ability to shorten the term through a post-conviction credit scheme apart from the Penal Code. Cal. Code Regs. tit. 15, §§ 2401, 2403.

///

///

The thirty-day credit loss was assessed against Petitioner in 2008, and his MEPD of September 9, 2007 had already passed.[1] (Ex. 2.) The determinations of when Petitioner will be found suitable for parole, the base term of his sentence, and how much post-conviction credit to be applied to that term, is up to the Board. Thus, even were Petitioner to succeed in this petition and reclaim thirty days of statutory credit, it would not necessarily result in a earlier release. Accordingly, there is no challenge to the validity or length of his sentence.

B.  State Law Violations Not Cognizable Claims

Petitioner contends the disciplinary violation he received for over familiarity should not have been classified as serious under the California regulations. This claim is premised on a violation of state law only.

Federal habeas corpus relief is available only on behalf of a person in custody in violation of the Constitution or laws and treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. A federal court may not issue a writ on the basis of a perceived error of state law. Pulley v. Harris, 465 U.S. 37, 41 (1984). It is presumed that the state courts properly applied their own laws. Woratzeck v. Stewart, 97 F.3d 329, 336 (9th Cir. 1996).

In this instance, Petitioner's claim that the rules violation should not have been classified as serious under state regulations is not a cognizable federal claim. Therefore, Petitioner cannot

---

[1] Petitioner's initial parole consideration hearing was set for 2006, however, the hearing was postponed until 2007, and on November 27, 2007, it was postponed again. The initial parole consideration hearing took place on May 14, 2008.

4

receive federal habeas corpus relief on perceived violations of state law.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition for failure to state a cognizable claim under 28 U.S.C. § 2254 be GRANTED; and

2. The Clerk of Court be directed to dismiss the action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 22, 2011**                    /s/ Dennis L. Beck
                                                                 UNITED STATES MAGISTRATE JUDGE